FILED
U.S. DISTRICT COURT
2010 AUG 23 PM 4:06
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES ALBERT ALEWINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-083 |
| | ) | (Formerly CR 108-150) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Albert Alewine, an inmate incarcerated at the Federal Correctional Institution in Elkton, Ohio, has filed with this Court a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

### I. BACKGROUND

On November 10, 2008, a federal grand jury indicted Petitioner on one count of Conspiracy, in violation of 18 U.S.C. § 371, and one count of Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314. United States v. Alewine, CR 108-150,

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings provides, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

doc. no. 1 (S.D. Ga. Nov. 10, 2008) (hereinafter "CR 108-150"). On January 6, 2009, pursuant to a negotiated plea agreement, Petitioner pled guilty to the charge of Interstate Transportation of Stolen Property.[2] CR 108-150, doc. nos. 49, 50. Notably, Petitioner's plea agreement contained a limited waiver of appeal provision, which stated in pertinent part as follows:

> [Petitioner] voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground, except that: [Petitioner] may file a direct appeal of the sentence if it exceeds the statutory maximum; and [Petitioner] may file a direct appeal of the sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Id., doc. no. 50, p. 6. On March 11, 2009, the Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to, *inter alia*, a term of 64 months of imprisonment and three years of supervised release. Id., doc. no. 79. Petitioner was also directed to pay $310,771.55 in restitution, with quarterly payments being made based on a percentage of his monthly earning while incarcerated, and in monthly installments of $500.00 following his release from incarceration. Id. at 6-7. The judgment of conviction was entered on March 16, 2009. Id. at 1.

Petitioner did not file a direct appeal, but instead he filed the instant § 2255 motion challenging only the restitution portion of his sentence. Specifically, Petitioner contends that upon his release from incarceration, it will be difficult for him to make the installment payments because of "the state of the economy and [the] high cost of living." (Doc. no. 1,

---

[2]The Conspiracy charge was dismissed pursuant to a motion by the government. CR 108-150, doc. no. 79, p. 1.

p. 4.) Accordingly, Petitioner requests that the Court reduce "the amount of the scheduled restitution payments to an amount more manageable." (Id. at 12.)

Importantly, Petitioner concedes that his § 2255 motion is untimely. Petitioner's motion was filed with the Clerk of Court on June 21, 2010, and bears a signature date of June 14, 2010.[3] Petitioner maintains that he was delayed in filing his motion because: (1) his counsel "did not advise [him] of any post-conviction appeal rights"; (2) he has had no formal training in the law; (3) he only learned of his option to file a § 2255 motion upon his arrival at the Federal Correctional Institution in Elkton in July 2009; and (4) he was not able to access "the [§] 2255 forms and information necessary to file." (Id. at 11.)

## II. DISCUSSION

### A. Statute of Limitations

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[3]Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. The Court construes the date of Petitioner's signature as the date of delivery to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Apart from the possible starting dates outlined above, the statute of limitations in § 2255 is subject to equitable tolling as well. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (holding that AEDPA's one-year statute of limitations under § 2244(d) is "subject to equitable tolling in appropriate cases");[4] Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances" that are "both beyond [the petitioner's] control and unavoidable even with diligence." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, Jones, 304 F.3d at 1040, and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must

---

[4]The Eleventh Circuit has "determined that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are 'equally valid' in § 2255 cases." Jones v. United States, 304 F.3d 1035, 1037 n.4 (11th Cir. 2002) (*per curiam*) (citations omitted).

4

establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

**B.     Petitioner's § 2255 Motion**

As noted above, Petitioner was sentenced on March 11, 2009, and the judgment of conviction was entered on March 16, 2009. At that time in 2009, Petitioner had ten days from the entry of the judgment to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A) (2009 ed.).[5] However, consistent with the waiver of appeal provision in his plea agreement, Petitioner did not file a direct appeal. Accordingly, Petitioner's conviction became final, and his one-year statute of limitations began to run, ten days after March 16, 2009, when the period for filing a notice of appeal expired. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that when a defendant does not file a direct appeal, his conviction becomes final ten days after entry of the judgment of conviction). Thus, Petitioner had one year from that point to file this § 2255 motion.

Here, there is no question that Petitioner's § 2255 motion was filed outside of the one-year statute of limitations period. Petitioner concedes as much. (Doc. no. 1, p. 11.) Petitioner does not offer any basis for tolling the statute of limitations under the statutory language of 28 U.S.C. § 2255(f) set forth above. Thus, the Court turns to whether any of the four reasons offered by Petitioner for why the motion is untimely qualifies for the application of equitable tolling.

---

[5]On December 1, 2009, the Federal Rules of Appellate Procedure were revised to provide a fourteen (14) day period to file an appeal in a criminal case. See Fed. R. App. P. 4 advisory committee's notes to 2009 amend.

5

First, Petitioner asserts that his counsel did not advise him of any post-conviction appeal rights.[6] (Id.) However, it is well-settled that attorney negligence is not a basis for equitable tolling. Holland, 130 S. Ct. at 2566; Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005); Helton v. Secretary for Dep't of Corrs., 259 F.3d 1310, 1313 (11th Cir. 2001) (*per curiam*) (collecting cases). This is especially so "when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." Howell, 415 F.3d at 1252. Thus, the mere allegation that Petitioner's attorney did not discuss post-conviction options with Petitioner cannot excuse the untimeliness of the § 2255 motion. Moreover, even if the alleged attorney negligence amounted to extraordinary circumstances (which it does not), Petitioner's other reasons offered for failing to timely file his motion do not establish the requisite diligence on his part.

Petitioner claims that he has no formal training in the law and that he was only able to learn about filing a § 2255 motion and gain access to the forms and information necessary to file his motion upon his arrival at his current place of incarceration in July 2009. (Doc. no. 1, p. 11.) As to Petitioner's stated lack of formal legal training, there is no constitutional right to counsel in habeas proceedings. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (*per curiam*);

---

[6]The Court is aware of the Eleventh Circuit case law requiring an attorney to consult with a defendant about filing an appeal. Thompson v. United States, 504 F.3d 1203, 1206-07 (11th Cir. 2007). However, the proper manner to challenge an alleged failure of an attorney to consult with his client about an appeal would be by raising an ineffective assistance of counsel claim in a timely filed § 2255 motion. Id. at 1205-06. Here, the only stated ground for relief is a request to reduce restitution payments, and in any event, as discussed herein, alleged attorney error regarding advice on post-conviction proceedings cannot serve to excuse the untimeliness of Petitioner's § 2255 motion.

6

Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985); Vandenades v. United States, 523 F.2d 1220, 1225-26 (5th Cir. 1975).[7] Thus, a lack of formal legal training, whatever impact that may have had on his ability to prepare his § 2255 motion,[8] does not weigh in his favor in assessing the applicability of equitable tolling. Moreover, by his own time line, Petitioner arrived at his current place of incarceration within approximately four months of his conviction becoming final. There is absolutely no explanation as to why it took eleven months from his arrival to "access" a § 2255 form and/or the information necessary to file the form, particularly when the one stated ground for relief regarding the amount of restitution payments would have been immediately apparent at the time of sentencing. Cf. Jones, 304 F.3d at 1040 (citing with approval case law requiring a petitioner seeking application of equitable tolling to "show that he or she exercised reasonable diligence in investigating and *bringing* the claims" raised in an untimely § 2255 motion). Petitioner has simply not established that extraordinary circumstances prevented him from filing his motion, let alone that he diligently pursued his rights.

In addition, the relief Petitioner seeks cannot be obtained via a § 2255 proceeding. Petitioner's one stated ground for relief asks that his restitution payments be reduced. (Doc. no. 1, p. 4.) However, the Eleventh Circuit has ruled, "§ 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords

---

[7]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[8]In any event, Petitioner offers no information as to how legal training would have helped him prepare his motion with one stated ground for relief that did not require the inclusion of any case law.

7

relief only to those prisoners who 'claim[] the right to be released' from custody." Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998). Thus, even if Petitioner had met his burden to establish that equitable tolling should be applied in his case - which, as described above, he has not - he would not be entitled to have his restitution payments reduced via a § 2255 motion.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of August, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE